IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case Nos. CR-98-03-S-BLW |
| Plaintiff, | ) | CV-00-102-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| DONALD PATRICK DYER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Notice of Appeal (Docket No. 78) (docketed as a Request for Certificate of Appealability), Defendant's "Motion Requesting Court to Direct District Court Clerk to Comply with FRAP Rule 3(d)(1), for Proper Serving of the Notice of Appeal Filed September 19, 2005" (Docket No. 79), and Defendant's "Motion Requesting This Court to Reconsider Defendant's Request Ordering Clerk to Promptly and Properly Process Defendant's Notice of Appeal" (Docket No. 80).

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

**Memorandum Decision and Order - 1**

## BACKGROUND

On February 15, 2000, Defendant filed a motion under 28 U.S.C. § 2255 (Docket No. 43) challenging the sentence imposed on February 12, 1999. The Court heard evidence on certain ineffective assistance of counsel claims on August 29, 2003, and October 24, 2003. While the matter was under advisement, Defendant, represented by counsel, filed a "Withdrawal of 28 U.S.C. § 2255 Claims of Ineffectual Counsel" (Docket No. 73) requesting the Court to dismiss the § 2255 Motion with prejudice. The Court entered an Order (Docket No. 74) doing so on November 10, 2003. Nothing further appears on the docket until Defendant's Motion Requesting Court to Direct Clerk to Promptly Process Defendant's Notice of Appeal (Docket No. 75) filed on July 18, 2005. The Court denied the Motion. Defendant seeks to appeal that Order by filing a Notice of Appeal (hereinafter "second Notice of Appeal") (Docket No. 78). However, he also appears to be requesting reconsideration of the Court's Order denying his original motion regarding the Notice of Appeal (hereinafter "first Notice of Appeal") allegedly filed on January 5, 2004. *See* Docket No. 80.

## DISCUSSION

Because of the unusual procedural aspects of this case, the Court will address the motion to reconsider first although it was filed last.

**Memorandum Decision and Order - 2**

The Court denied Defendant's motion to direct the Clerk of Court to process the first Notice of Appeal on the grounds that it would have been untimely even if mailed on January 5, 2004, that it had apparently not been mailed to the Court, and therefore, that there was no pending Notice of Appeal before the Court upon which to act.

Upon further reconsideration, the Court agrees, that if, in fact, the first Notice of Appeal had been properly delivered to prison authorities on January 5, 2004, it would have been timely.[1] The time for filing a notice of appeal in a § 2255 case is governed by the rules pertaining to civil rather than criminal cases.[2] However, it is not clear that Defendant sufficiently complied with the so-called "mailbox rule" requirements pertaining to filings by inmates set forth in *Houston v. Lack*, 487 U.S. 266 (1988), and reflected in Fed. R. App. P. 4(c), which provides:

> "[i]f an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the

---

[1] The Court will not address Defendant's alternate argument in his Motion to Reconsider that the "final" Order dismissing his § 2255 was not entered until June 27, 2005. It was entered on November 10, 2003. The docket entry on June 27, 2005, was merely a "housekeeping" entry to indicate that two earlier motions had been resolved by the November 10, 2003 Order.

[2] Federal Rule of Appellate Procedure 4(a)(1)(B) provides that when the United States is a party in a civil case, the notice of appeal must be filed within sixty (60) days after the judgment or order appealed from is entered.

**Memorandum Decision and Order - 3**

> inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

In relevant part, 28 U.S.C. § 1746 provides that an unsworn declaration must be signed "as true under penalty of perjury."

Defendant states that he gave the first Notice of Appeal to an "institutional officer" because his institution was in lock-down.  Assuming that the institution was indeed under lock-down and that giving the Notice of Appeal to an institutional officer was sufficient to meet the requirements of the rule, it would have been timely filed.  If the institution had a legal mail system, Defendant ordinarily would have been required to use it.  However, presumably it would have been unavailable during lock-down.  Therefore, a compliant declaration attesting to delivery to prison officials is necessary.  Because the Certificate of Service attached to Defendant's first Notice of Appeal is not notarized, it must conform with the requirements of 28 U.S.C. § 1746.  It does not.  It omits the requisite words "under penalty of perjury."  *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (rejecting under 28 U.S.C. § 1746 unsworn statement not made "under penalty of perjury" and verified as "true and correct" for to do otherwise would allow circumvention of penalties of perjury).  *See also Kersting v. United States*, 865 F. Supp. 669, 676 (D. Hawaii 1994) (holding that as

**Memorandum Decision and Order - 4**

long as unsworn declaration contains the phrase "under penalty of perjury" and states the document is true, verification requirements of 28 U.S.C. § 1746 are met).

Rule 4(c)(1) does not require that the declaration be filed with the Notice of Appeal.  *See Grady v. United States,* 269 F.3d 913, 918 (8th Cir. 2001) ("a prisoner must *at some point* attest to that fact [of depositing his legal papers with the warden] in an affidavit or notarized statement.") (emphasis added).  Although generally a pro se litigant's pleadings are liberally construed, strict compliance with Rule 4(c)(1) is required to give the Court jurisdiction to consider an appeal.  *See United States v. Ceballos-Martinez*, 371 F.3d 713, 717-18 (10th Cir. 2004).

The Court is concerned that it never received Defendant's first Notice of Appeal and that Defendant waited a year and a half before attempting to pursue the matter further.  However, it recognizes that problems with delivery of mail do, in fact, sometimes occur.  Accordingly, if Defendant would like to pursue this matter, he must file a declaration conforming with the requirements of Rule 4(c)(1) indicating as "true under penalty of perjury" that his institution was in lock-down, that he delivered the Notice of Appeal to an institutional officer, that he delivered it on January 5, 2004, and that first-class postage was prepaid.[3]  Once the Court

---

[3] Of course, Defendant should file the declaration only if the facts that he is reciting are actually true.  The filing of a false declaration under oath could subject the Defendant to criminal perjury charges.

**Memorandum Decision and Order - 5**

receives the requisite declaration, the Court will file the first Notice of Appeal, effective January 5, 2004.

Defendant is advised, however, that pursuing this matter may be an exercise in futility. Because this is a § 2255 proceeding, the Notice of Appeal must be construed as a request for a certificate of appealability. *See* Fed. R. App. P. 22(b). This is so because one cannot appeal from the denial or dismissal of a proceeding under 28 U.S.C. § 2255 unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find debatable both the merits of the constitutional claims and any dispositive procedural rulings by the district court. *Miller-El v. Cockrell*, 537 U.S. at 336. Because the dismissal was at Defendant's counseled request, the Court is at a loss to see how there could have been denial of a constitutional right.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Requesting This Court to Reconsider Defendant's Request Ordering Clerk to Promptly and Properly Process Defendant's Notice of Appeal (Docket No. 80) is

**Memorandum Decision and Order - 6**

GRANTED.

IT IS FURTHER HEREBY ORDERED that Defendant file a declaration in compliance with Federal Rule of Appellate Procedure 4(c)(1) and 28 U.S.C. § 1746 as directed above within thirty (30) days from the date of this Order.

IT IS FURTHER HEREBY ORDERED that Defendant's Notice of Appeal (Docket No. 78) (docketed as a Request for Certificate of Appealability) and Defendant's Motion Requesting Court to Direct District Court Clerk to Comply with FRAP Rule 3(d)(1), for Proper Serving of the Notice of Appeal Filed September 19, 2005 (Docket No. 79) are MOOT.

DATED: **November 8, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 7**